# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE ATILANO, individually and on behalf of all similarly-situated persons, | )<br>)<br>) Case No.<br>) |
| Plaintiffs, | ) |
| v. | ) Judge<br>) Magistrate Judge |
| A SAFE HAVEN LLC and A SAFE HAVEN FOUNDATION, | )<br>) |
| | ) Jury Trial Demanded |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff JOSE ATILANO ("Atilano") ("Plaintiff") by and through his attorneys, ROBIN POTTER & ASSOCIATES, P.C. on behalf of himself and all similarly-situated persons, as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and as a class action under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), the Chicago Minimum Wage Ordinance Chicago Mun. Code Chap. 1-24 ("Chicago Ordinance"), and complains of Defendants A Safe Haven LLC and A Safe Haven Foundation ("A Safe Haven") and its successors and assigns, (collectively "Defendants"), as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the FLSA, the IMWL the IWPCA and the Chicago Ordinance as a result of Defendants' failure to pay all earned overtime wages due to Plaintiff Atilano and all other similarly-situated persons ("the class")

2. Plaintiff and the class he seeks to represent are current and former employees of Defendants, who worked as Case Managers.

3. Defendants violated the FLSA and IMWL by classifying Plaintiff and other salaried Case Managers as exempt and by failing to pay them overtime pay, even though the primary duties of these job positions consisted of non-exempt activities.

4. Plaintiff and similarly situated employees did not regularly direct or manage the work of two or more full-time employees.

5. Plaintiff and similarly situated employees did not customarily or regularly exercise discretionary power in the performance of their job duties, nor did the primary duties of the position involve work requiring advanced knowledge in a field of science or learning.

6. Plaintiff and the class were regularly required to work more than 40 hours in individual work weeks, but were not paid their earned wages for all the hours they worked or their overtime wages at the rate of 1.5 times their regular rate of pay as required by the FLSA and the IMWL.

## JURISDICTION AND VENUE

7. This action is brought as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a class action under the IMWL, 820 ILCS § 105/1, *et seq.*, the IWPCA, 820 ILCS § 115/1, *et seq.* and the Chicago Minimum Wage Ordinance, Chicago Mun. Code Chap. 1-24 ("Chicago Ordinance")

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the State claims under 28 U.S.C. § 1367.

9. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).The amount in controversy is in excess of $75,000, exclusive of interest and costs under 28 U.S.C. §1332(a)(1).

## PARTIES

10. Plaintiff Atilano resides in Illinois. Plaintiffs are current and former employees of A Safe Haven, and worked within this judicial district, including at: 2750 W. Roosevelt Road Chicago IL 60608 and 618 S. Wabash Chicago, IL and other locations throughout Chicago, Illinois.

11. Defendant A Safe Haven LLC is an Illinois corporation, and at all times relevant conducted business in the State of Illinois, including within this judicial district.

12. Defendant A Safe Haven Foundation is an Illinois corporation, and at all times relevant conducted business in the State of Illinois, including within this judicial district.

13. At all times relevant hereto, Plaintiff and the class were Defendants' "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 ILCS § 105/3(d) and the Chicago Ordinance, Chicago Mun. Code Chap. 1-24-010.

14. At all times relevant hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 2013(d), the IMWL, 180 ILCS § 105/3(c), the IWPCA, 820 ILCS § 115/2 and the Chicago Ordinance, Chicago Mun. Code Chap. 1-24-010.

15. Defendants effectuated and knowingly permitted the practices complained about herein.

## STATEMENT OF FACTS

16. Plaintiff incorporates paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiff and the class of employees he seeks to represent worked as Case Managers at Defendants' various locations. Plaintiff and the class shared similar job titles, training, and compensation plans, and were subject to similar policies and job requirements and duties.

18. Atilano has been employed as a Case Manager with Defendants since approximately May 2013 and through the present.

19. Each class member worked as Case Managers at one of Defendants' locations and during the relevant time period.

20. At all relevant times referenced herein, the Plaintiff's primary duties involved the performance of non-exempt labor, including filling out intake and other benefits paperwork for residents, performing head counts, providing residents with bus passes and directions to court dates and other appointments outside the facility, escorting residents to and from appointments and programming within the facility, reporting headcounts and/or any incidents involving residents to Cook County Sheriff's Department and his direct supervisors.

21. Plaintiff and the class were required to, and regularly worked more than 40 hours a week. Defendants required, approved and/or suffered and permitted Plaintiffs to work more than 40 hours per week, and/or knew or should have known Plaintiffs worked more than 40 hours per week.

22. Throughout their employment by Defendants and through December 2015, Plaintiff and the class were paid a base salary regardless of the number of hours they worked. Plaintiffs did not receive any additional compensation for hours worked in excess of 40 per week in direct violation of the FLSA and IMWL.

23. Beginning in January 2016, Defendants began to pay Plaintiff and the class on an hourly basis at an hourly rate. At that time and continuing thereafter, Defendants agreed to compensate Plaintiffs based on the following formula: hours worked times their respective hourly rates. Defendants agreed to compensate Plaintiff and the class for overtime at a rate of 1.5 times their respective hourly rates of pay. Defendants did pay Plaintiffs some, but not all, of

4

Plaintiffs' work time at these agreed upon rates of pay. Plaintiffs continued to work in excess of 40 hours per week.

24. After January 2016, Defendants required Plaintiff and the class to underreport the hours they worked in order to avoid paying additional compensation for hours worked in excess of 40 and to avoid paying for all hours worked.

25. Defendants regularly required Plaintiff and the class to attend program meetings which were off the clock and unpaid.

26. Throughout their employment, Defendants failed to maintain accurate records of time worked by Plaintiffs and the class.

27. Defendants' conduct was willful, including that they required, approved and/or suffered or permitted Plaintiffs and the class to perform non-exempt work, but paid them as exempt salaried employees and/or knowingly failed to pay for all their work time after they were re-classified as hourly-paid employees.

28. Throughout the Collective Action Period, Defendants, upon information and belief, failed to post or keep posted notices required by the FLSA and the Chicago Minimum Wage Ordinance.

## COUNT I
*Willful Failure to Pay Overtime in Violation of the Fair Labor Standards Act*

### FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs incorporate paragraphs 1-28 as if fully set forth herein.

30. Plaintiffs seek to represent an FLSA class comprised of and defined as:

All persons who have been employed by Defendants or their predecessors, successors or assigns as Case Managers or in other similar job positions at any of Defendants' locations and at any time from January 2014 through and including the present and until final resolution of the case, and who have not been paid overtime

rates of pay for all time worked over 40 hours in individual work weeks (herein "FLSA Class").

31. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b).

32. The named Plaintiff and members of the proposed FLSA Class worked in excess of forty hours in a work week during the relevant period, but were not compensated at the applicable overtime rate for those hours.

33. The named Plaintiff and members of the proposed FLSA Class have been equally affected by Defendants' violations, which amount to a single decision, policy or plan to avoid paying all earned and overtime wages.

34. The named Plaintiff and members of the proposed FLSA Class do not fall under any exemption or exception to the FLSA's overtime pay requirements.

35. Plaintiffs estimate the collective or class of employees to number in excess of 20 individuals.

36. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

37. Defendants' books and records are material to Plaintiffs' case as they disclose some of the hours worked by members of the FLSA Class and the amounts they were paid for that work.

38. Under the FLSA, 29 U.S.C. § 211(c), Defendants were required to maintain accurate records of hours worked by Plaintiffs.

39. Under the FLSA, 29 U.S.C. § 207(a)(1), Defendants were required to compensate Plaintiff and the class for all hours worked and to pay a rate of time and a half their regular rate of pay for all overtime, i.e., hours worked in excess of 40 hours per work week.

40. At all relevant times herein, Defendants failed to maintain accurate records of the hours worked by Atilano, and other class members.

41. Defendants' conduct was willful and intentional, in that Defendants regularly required, approved and/or suffered or permitted Plaintiff and the class to work overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiff and the class worked overtime hours for which they were not compensated at the statutory rates.

42. As a result of Defendants' policy and practice of failing to pay Plaintiffs overtime compensation, Plaintiffs have been damaged and not received wages due and owing, pursuant to the FLSA.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

a) An award of back pay equal to the amount of all unpaid overtime compensation;
b) Finding Defendants' conduct alleged herein to be willful and award compensation for at least three years prior to the filing of this action;
c) An award of liquidated damages equal to the amount of all unpaid minimum wage and overtime compensation, or alternatively, prejudgment interest;
d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);
e) For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and
f) Such other relief as this Court deems necessary and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law**
**IMWL CLASS ACTION ALLEGATIONS**

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 above as if fully set forth herein.

44. With respect to the IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as

> All persons who have been employed by Defendants or their predecessors, successors or assigns as Case Managers or in other similar job positions at any of Defendants' locations and at any time from January 2014 through and including the present and until final resolution of the case, and who have not been paid overtime rates of pay for all time worked over 40 hours in individual work weeks (herein "IMWL Class").

45. This action is brought as a class action pursuant to the Federal Rules of Civil Procedure Rule 23.

46. Plaintiff estimates the class of employees who have been subjected to the Defendants' common unlawful pay practices during the respective Class Period to be more than 20 persons.

47. Because the IMWL Class is so numerous, joinder of all class members is impracticable.

48. The Named Plaintiff and the IMWL Class have been equally affected by Defendants' failure to pay wages and overtime to the Plaintiff and the class.

49. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, that may exist between the members of the class.

50. The Named Plaintiff and the IMWL Class and Defendants have a commonality of interest in the subject matter and the remedy sought.

51. The Named Plaintiff is able to fairly and adequately represent and protect the interests of the IMWL Class.

52. Plaintiff's counsel is competent and experienced in litigating large wage and hour and other employment actions.

53. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship

to the IMWL Class, to the Court and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

54. Under the Illinois Minimum Wage Law, 820 ILCS 105/4, Defendants were required to pay Plaintiffs at least the minimum wage for all regular hours worked.

55. The Illinois Minimum Wage Law requires employers to maintain accurate records of hours worked by employees. 820 ILCS § 105/8.

56. Defendants regularly under-reported the time worked by Atilano and other class members on their check stubs.

57. 820 ILCS § 105/4(a) requires Defendants to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

58. Defendants failed to compensate Atilano and other class members for all overtime hours which were worked but were not recorded in Defendants' time records.

59. Defendants were aware of, required, suffered and/or permitted Atilano and the class to work unpaid overtime hours.

60. Defendants' conduct complained of herein was willful and intentional, in that Defendants required, approved and/or suffered or permitted Plaintiff and the class to work hours for which they were not paid, and which were required to be paid, or knew or should have known Plaintiff and the class worked hours for which they were not paid, and which were required to be paid.

61. Because of Defendants' willful violation of the IMWL, Plaintiff and the class have been damaged in that they have not received wages due and owing pursuant to the IMWL.

**WHEREFORE,** Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

a) Actual damages;
b) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;
c) Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a); and
d) Such other relief as this Court deems necessary and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### IWPCA CLASS ACTION ALLEGATIONS

62. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 61 above as if fully set forth herein.

63. With respect to the IWPCA claims, Plaintiffs seek to represent a class that is comprised of and defined as

> All persons who have been employed by Defendants or their predecessors, successors or assigns as Case Managers, or in other similar job positions at any of Defendants' locations and at any time from January 2016 through and including the present and until final resolution of the case, and who have not been paid for all their work time at their agreed upon hourly rates of pay (herein "IWPCA Class").

64. This action is brought as a class action pursuant to the Federal Rules of Civil Procedure Rule 23.

65. Plaintiff estimates the class of employees who have been subjected to the Defendants' common unlawful pay practices during the respective Class Period to be more than 20 persons.

10

66. Because the IWPCA Class is so numerous, joinder of all class members is impracticable.

67. The Named Plaintiff and the IWPCA Class have been equally affected by Defendants' failure to pay wages and overtime to the Plaintiff and the class.

68. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, that may exist between the members of the class.

69. The Named Plaintiff and the IWPCA Class and Defendants have a commonality of interest in the subject matter and the remedy sought.

70. The Named Plaintiff is able to fairly and adequately represent and protect the interests of the IWPCA Class.

71. Plaintiff's counsel is competent and experienced in litigating large wage and hour and other employment actions.

72. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IWPCA Class, to the Court and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

73. Section 10 of the IWPCA requires employers to notify employees of their assigned rates of pay at the time of hiring, and of any changes in the rate of pay thereafter. 820 ILCS 115/10.

74. As set forth above, beginning in January 2016 Defendants agreed to pay Plaintiff and the Class at their respective hourly rates for all hours worked. At that time, Defendants notified Plaintiffs of their assigned hourly rates of pay.

75. From January 2016 through the present, Defendants paid for some, but not all, of Plaintiffs' work time in breach of the agreement to pay them for their work time at their assigned hourly rates of pay.

76. Under the Illinois Wage Payment and Collection Act, 820 ILCS 115/4, Defendants were required to pay Plaintiffs their earned wages at the end of the pay period in which such wages were earned.

77. Under the Illinois Wage Payment and Collection Act, 820 ILCS 115/5, Defendants were required to pay Plaintiffs their final compensation at the time of separation, or at the next regularly scheduled pay day. From January 2016 through the present, Defendants paid for some, but not all, of Plaintiffs' work time in breach of the agreement to pay them for their work time at their assigned hourly rates of pay.

78. Defendants failed to compensate Atilano and other class members for all overtime hours which were worked but were not recorded in Defendants' time records.

79. Defendants were aware of, required, suffered and/or permitted Atilano and the class to work unpaid regular and overtime hours.

80. Defendants' conduct complained of herein was willful and intentional, in that Defendants required, approved and/or suffered or permitted Plaintiff and the class to work hours for which they were not paid, and which were required to be paid, or knew or should have known Plaintiff and the class worked hours for which they were not paid, and which were required to be paid.

81. Because of Defendants' willful violation of the IWPCA, Plaintiff and the class have been damaged in that they have not received wages due and owing pursuant to the IWPCA.

**WHEREFORE,** Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

a) Actual damages;
b) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 115/14;
c) Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/14; and
d) Such other relief as this Court deems necessary and just.

## COUNT IV
### Failure to Pay Minimum, Regular & Overtime Wages
### CHICAGO ORDINANCE CLASS ACTION ALLEGATIONS

82. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 42 above as if fully set forth herein.

> With respect to the Chicago Ordinance claims, Plaintiffs seek to represent a class that is comprised of and defined as: All persons who worked for Defendants as Case Managers, at any of Defendants' Chicago locations and at any time between July 1, 2015 and the present and until final resolution of the case who have not been paid the statutory minimum wage for all regular hours worked and/or overtime wages at the rate of one and one half times their regular rate for all time worked over 40 hours in individual work weeks (the "Chicago Ordinance Class").

83. This action is brought as a class action pursuant to the Federal Rules of Civil Procedure Rule 23, and arises under the Minimum Wage and Overtime requirements of the Chicago Ordinance. Chicago Mun. Code Chap. 1-24-020, 1-24-040.

84. Plaintiff believes Defendants have employed more than 20 persons who have been subject to the Defendants' common unlawful pay practices during the respective Class Period.

85. Because the Chicago Ordinance Class is so numerous, joinder of all class members is impracticable.

86. The Named Plaintiff and the Chicago Ordinance Class have been equally affected by Defendants' failure to pay earned wages to the Plaintiff and the Class.

87. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, which may exist between the members of the class.

88. The Named Plaintiff and the Chicago Ordinance Class and Defendants have a commonality of interest in the subject matter and the remedy sought.

89. The Named Plaintiff is able to fairly and adequately represent and protect the interests of the Chicago Ordinance Class.

90. Plaintiff's counsel is competent and experienced in litigating large wage and hour and other employment actions.

91. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Chicago Ordinance Class, to the Court and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

92. Under the Chicago Ordinance, Chicago Mun. Code Chap. 1-24-020, Defendants were required to pay covered employees at least a minimum wage

proscribed by the Ordinance for each regular hour worked while physically present within the geographic boundary of the City. Effective July 1, 2015, the Chicago Minimum Wage was $10 per hour and effective July 1, 2016, the Chicago Minimum Wage became $10.50 per hour.

93. Under the Chicago Ordinance, Chicago Mun. Code Chap. 1-24-020, Defendants were required to pay covered employees overtime at one and half times their regular rates of pay.

94. Defendants regularly failed to pay Plaintiff and the Chicago Ordinance Class for all time worked at the required rate of pay.

95. Defendants were aware of, required, suffered and permitted Plaintiff and the class to work without compensation (i.e., "off the clock"), or at rates less than the required rate of pay for regular and overtime hours.

96. Defendants' conduct complained of herein was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiff and the Chicago Ordinance Class to work hours for which they were not paid, or to work at rates less than those required by the Chicago Ordinance.

97. As a result of Defendants' willful violation of the Chicago Ordinance, Plaintiff and the class have been damaged in that they have not received wages due and owing pursuant to the Chicago Ordinance.

**WHEREFORE,** Plaintiff respectfully request this Court enter judgment in his favor and against Defendants for the following:

      a. All wages owed and treble damages as provided by the Chicago Ordinance, Chicago Mun. Code 1-24-110;
      b. Attorneys' fees and costs of this action (Id.); and,
      c. Such other relief as this Court deems necessary and just.

Plaintiffs demand a trial by jury.

                              Respectfully Submitted,

                    By:    /s/ M. Nieves Bolaños
                             One of Plaintiffs' Attorneys

Robin Potter
M. Nieves Bolaños
Patrick Cowlin
Potter Bolaños LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 861-1800
robin@potterlaw.org
nieves@potterlaw.org
patrick@potterlaw.org